DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## $\mathfrak{December}$, 1893.*

---

WILLIAM KLEIN, Respondent, *v.* JOHN WEGMAN, Appellant.

*Order refusing to open a default — when justified.*

When an order refusing to open a default upon an application to punish the defaulting party for contempt is justified.

APPEAL by the defendant, John Wegman, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 7th day of August, 1893, refusing to open the default taken against him upon his failure to appear in opposition to a motion to punish him for contempt.

*W. B. Veeder*, for the appellant.

*Geo. F. Murray* and *Geo. W. Wingate*, for the respondent.

BARNARD, P. J.:

The plaintiff and defendant were owners of adjoining property. The defendant erected his building so as to encroach on the plaintiff's premises. The plaintiff commenced an action to restrain the encroachment and procured a decree that the defendant was required to remove the encroachment within twenty days after service of a certified copy of the judgment and in accordance with its directions. The defendant has not done so. Upon an application

---

*For other cases of this term, see volume 73, Hun.

to the court to punish him for his contempt the defendant made no appearance, and an order was made adjudging him guilty and imposing a fine and directing his confinement in close custody until he obeyed the judgment. The defendant made application to open his default and this was denied. The appeal is from this order. The order was right. The affidavits excuse the contempt by alleging that the encroachment is slight; that the defendant has sold his property and the purchaser will not let the defendant enter upon it to comply with the judgment; and that the plaintiff will not permit defendant to enter upon his property for the same purpose. The defendant has given a bond to indemnify his vendee against the encroachment, and the plaintiff, although he refused at first to allow it, notified the defendant before these proceedings were commenced that he could enter on his land to remove the encroachment. The extent of the same is not material. If it was so considerable as to be valuable enough to take, and the judgment ordered its removal, the defendant owes obedience to the judgment. If the papers, read upon the motion to open the default, had been read on the motion to punish for contempt, they would furnish no defense for the disobedience of the judgment. A motion to set aside the default would be reached on the merits. The defendant does not seem to be willing to obey the judgment. He put up the house in defiance of the pending suit to restrain him. When sold, gave a bond to justify the obstruction, and then asserts that the purchaser from him will not let him remove it.

The order should be affirmed, with costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with costs and disbursements.